UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
DISCOVISION ASSOCIATES,                         :
                                                :
                    Plaintiff,                  :
                                                :
        v.                                      :      07 Civ. ____ (  )
                                                :
FUJI PHOTO FILM CO., LTD., FUJIFILM U.S.A.,    :
INC., FUJIFILM RECORDING MEDIA MFG.            :
U.S.A., INC., FUJI MAGNETICS GMBH,             :
                                                :
                    Defendants.                 :
---------------------------------------------------------x

07 CIV 6348

### NOTICE OF REMOVAL

Defendants Fuji Photo Film Co., Ltd. ("Fujifilm"),[1] Fujifilm U.S.A., Inc., ("Fujifilm U.S.A.") and Fujifilm Recording Media Manufacturing U.S.A., Inc. ("Fujifilm RMM"), by and through their undersigned attorneys, hereby give notice of removal of this action from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1332, 1338, 1441 and 1446.

I.   **BACKGROUND**

1.   On June 4, 2007, plaintiff Discovision Associates ("DVA") filed a Complaint in the Supreme Court of the State of New York, County of New York, captioned *Discovision Associates v. Fuji Photo Film Co., Ltd., et al.*, No. 07/601859. The Complaint purports to assert claims under a "Non-Exclusive Patent License Agreement For Disc Products And Recordable Media" (the "Patent License"). The Complaint attaches and incorporates the Patent License and its terms and conditions.

---

[1]   Pursuant to a recent corporate reorganization, the corporate name of Defendant Fuji Photo Film Co., Ltd. was changed to FUJIFILM Corporation and the corporate name of Defendant Fuji Magnetics GmbH was changed to FUJIFILM Recording Media GmbH.

2. On its face, the Patent License, which is attached to the Complaint and incorporated by reference therein, identifies the parties to the contract. Only one of the four parties named as defendants to this action, Fujifilm, is a party to the Patent License. The remaining three named defendants – Fujifilm U.S.A., Fujifilm RMM, and Fuji Magnetics GmbH ("Fuji Magnetics") – are not parties to the Patent License and are not otherwise subject to its terms.

## II. STATEMENT OF THE GROUNDS FOR REMOVAL

3. Plaintiff's civil action is removable under 28 U.S.C ¶¶ 1338 and 1441 because it necessarily requires the resolution of a substantial question of federal patent law, under the terms of the Patent License. It also is removable under 28 U.S.C. ¶¶ 1332 and 1441, based on the complete diversity of citizenship among the properly-named parties. The only potentially non-diverse defendants to this action – Fujifilm U.S.A. and Fujifilm RMM – are not parties to the Patent License, and thus should not be parties to this action.

### A. The Complaint Is Removable Under §§ 1338 And 1441 Because Plaintiff's Claims Require Resolution Of A Substantial Question Of Federal Patent Law.

4. Removal is proper when, as here, "plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809 (1988).

5. Plaintiff DVA alleges that it is entitled to royalty payments under Section 5.0 of the Patent License. Section 5.1, which establishes the scope of the royalty obligations, requires payment of royalties on the manufacture or sale (or use, lease or transfer) of "Licensed Products," but only insofar as Fujifilm "is licensed hereunder." As discussed further below, to determine whether the manufacture or sale of "Licensed Products" was "licensed hereunder," and thus royalty-bearing, the Court must further determine whether the manufacture or sale was "under the

Licensed Patents," pursuant to Section 3.2. That determination – i.e., whether Fujifilm's activities were "under the Licensed Patents" – requires resolution of a substantial question of federal patent law.

6. Under the terms of the Patent License, Fujifilm is required to pay royalties only when it manufactures or sells "Licensed Products" pursuant to the license granted in the agreement. More specifically, Section 5.1 of the Patent License provides that Fujifilm is required to pay royalties for:

> 5.1.1. *each Licensed Product for which LICENSEE is licensed hereunder* in the country of manufacture; or
>
> 5.1.2  *each Licensed Product for which LICENSEE is licensed hereunder* in the country of use, lease, sale or Transfer.

(Emphasis added.) Thus, a royalty may be owed under Section 5.1 only when Fujifilm manufactures or sells: (a) a Licensed Product (b) for which Fujifilm "is licensed."

7. To determine whether "Licensed Products" manufactured or sold by Fujifilm are "licensed" under the terms of the Patent License, the Court must look to the "Non-Exclusive License Grant" provisions of Section 3.0 of the Patent License. Paragraph 3.2, in particular, specifically limits the scope of any license granted by DVA as follows:

> 3.2    *No license is granted* by DVA to LICENSEE in this Section 3.0, either expressly or by implication, estoppel, or otherwise, *other than under the Licensed Patents*.

(Emphasis added.) The term "Licensed Patents" is defined in Section 2.10 to include patents owned by DVA and included in Appendix A to the License Agreement. Because DVA did not grant Fujifilm any license "other than under the Licensed Patents," and because no royalty duty is owed other than on the manufacture or sale of License Products for which Fujifilm "is licensed hereunder," Fujifilm owes royalties only for the manufacture or sale of "Licensed Products" that practice one or more of the Licensed Patents.

8.  A determination of whether Fujifilm products practice one or more of the Licensed Patents, and thereby are licensed "under the Licensed Patents," necessarily involves substantial issues of federal patent law, thereby giving rise to this Court's removal jurisdiction under 28 U.S.C ¶¶ 1338 and 1441. *See, e.g., Arlaine & Gina Rockey, Inc. v. Cordis Corp.*, 175 Fed.Appx. 329, 331 (Fed. Cir. 2006) ("To prevail in its contract action for royalties, [Plaintiff] must show that the use of Cordis' products was infringing the patent. As a result, [Plaintiff's] right to relief depends on the resolution of a substantial question arising under the patent law.").

**B.  The Complaint Is Also Removable Based On Diversity of Citizenship Under ¶¶ 1332 and 1441 Because Fujifilm U.S.A. And Fujifilm RMM Are Not Proper Defendants.**

9.  Plaintiff "may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460-61 (2nd Cir. 1998). If "there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court" then the joinder of that defendant is improper or fraudulent and must be disregarded for purposes of determining diversity jurisdiction. *Id.*

10. Based on DVA's own Complaint, there is no possibility that DVA can state a cause of action against either of the potentially non-diverse defendants, Fujifilm U.S.A. or Fujifilm RMM. Plaintiff's claims are based entirely on the Patent License, which they have attached to the Complaint. It is appropriate to consider the terms of the Patent License here and those terms indicate that the Patent License is only between Plaintiff and Fujifilm. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (in determining whether Plaintiff has stated a claim, "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (quotation omitted).

\\\\NY - 083367/000031 - 1047792 v1

11. While Section 3.3 of the Patent License grants sublicenses to affiliates of Fujifilm, that section is limited to affiliates named in Appendix B to the agreement. None of the three other defendants in this action, including Fujifilm U.S.A. and Fujifilm RMM, are named in Appendix B. Accordingly, the Complaint on its face fails to state a claim against either of the potentially non-diverse defendants. *Levisohn, Lerner, Berger & Langsam v. Medical Taping Systems, Inc.*, 10 F.Supp.2d 334, 344, (S.D.N.Y. 1998) ("In order to state a claim for breach of contract under New York law, a party must allege: (1) the existence of an agreement between the parties . . . ."); *Streck v. Board of Educ. of the East Greenbush Central School Dist.*, No. 1:04-CV-202 (GLS/DRH), 2006 WL 3437424 at *1 n.2 (N.D.N.Y. Nov. 29, 2006) ("Plaintiffs' breach of contract theory fails to state a claim upon which relief can be granted because there is no indication in the complaint that a contract existed between the parties."). Because Fujifilm U.S.A. and Fujifilm RMM are improperly joined, this Court has removal jurisdiction based on diversity of citizenship.

### III. COMPLIANCE WITH STATUTORY REQUIREMENTS

12. This Notice of Removal was properly filed in the United States District Court for the Southern District of New York because the Supreme Court of the State of New York, County of New York is located in this federal judicial district. 28 U.S.C. § 1441(a).

13. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. 28 U.S.C. § 1446(a).

14. The first served defendant, Fujifilm U.S.A. was served on June 18, 2007. *See* Ex. 1. Accordingly, this Notice of Removal is timely because it was filed fewer than 30 days after the earliest possible date for the running of the 30-day period under 28 U.S.C. § 1446(b).

15. All Defendants named in the Complaint consent to and all properly served Defendants join in this Notice of Removal. 2/

16. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants in respect to this action, which papers include the Summonses and the Complaint, are attached. *See* Ex. 1. There have been no pleadings or orders to date other than the attached Summonses and Complaint.

17. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and a copy, along with a Notice of Filing of the Notice of Removal, is being filed with the Clerk of Supreme Court of New York, County of New York.

---

2/  Fuji Magnetics has not joined in this Notice of Removal because it has not been properly served under The Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters. Because it has not been served, Fuji Magnetics need not consent to removal of this action. *See, e.g., Nealy v. U.S. Healthcare HMO,* 844 F.Supp. 966, 974-975 (S.D.N.Y.1994) ("Although ... all defendants must join in the petition for removal, an exception holds that defendants not yet served, need not join. It would be impossible for a defendant that has not yet been effectively served to join a petition for removal."). Nonetheless, without waiving any claims or defenses relating to personal jurisdiction or service of process, Fuji Magnetics has provided its consent to this removal in the attached declaration of Masanori Kurihara. *See* Ex. 2.

## **CONCLUSION**

For the foregoing reasons, Defendants Fujifilm, Fujifilm U.S.A., and Fujifilm RMM respectfully request that this Court exercise jurisdiction over this removed action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Supreme Court of New York, County of New York.

Dated: New York, NY
      July 11, 2007

                                    Respectfully submitted,

By: *Eric J. Lobenfeld*
Eric J. Lobenfeld, Esq. (EL 4560)
HOGAN & HARTSON, L.L.P.
875 Third Avenue
New York, NY  10022
Telephone:  (212) 918-3000
Facsimile: (212) 918-3100

Steven J. Routh, Esq. (SR 1237)
HOGAN & HARTSON, L.L.P.
555 Thirteenth Street, N.W.
Washington, DC 20004-1109
Telephone:  (202) 637-5600
Facsimile:  (202) 637-5910

Attorneys for Defendants Fuji Photo Film Co., Ltd., Fujifilm U.S.A., Inc. and Fujifilm Recording Media Manufacturing U.S.A., Inc.

\\\\NY - 083367/000031 - 1047792 v1