UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
DISCOVISION ASSOCIATES,                              :
                                                     :
        Plaintiff,                                  :
                                                     :
        v.                                          :    07-Civ.-6348 (PAC)
                                                     :
FUJI PHOTO FILM CO., LTD., FUJIFILM U.S.A., :
INC., FUJIFILM RECORDING MEDIA MFG.                  :
U.S.A., INC., FUJI MAGNETICS GMBH,                   :
                                                     :
        Defendants.                                 :
---------------------------------------------------------------x

## ANSWER, DEFENSES AND COUNTERCLAIMS OF DEFENDANTS FUJIFILM CORPORATION, FUJIFILM U.S.A., INC., AND FUJIFILM RECORDING MEDIA MANUFACTURING U.S.A., INC.

Defendants FUJIFILM Corporation, FUJIFILM U.S.A., Inc., and FUJIFILM Recording Media Manufacturing U.S.A., Inc. (collectively "Fujifilm")1/ hereby respond to the Complaint of Plaintiff Discovision Associates ("DVA") in numbered paragraphs that correspond to the numbered paragraphs of the Complaint, as follows:

    1.    Fujifilm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of Plaintiff's Complaint and, therefore, denies the same.

    2.    Fujifilm admits that FUJIFILM Corporation is a corporation organized under the laws of Japan, that FUJIFILM U.S.A., Inc. and FUJIFILM Recording Media Manufacturing U.S.A., Inc. are corporations organized under the laws of New York and Delaware, respectively, and that FUJIFILM Recording Media GmbH is a corporation organized under the laws of Germany. Fujifilm admits that certain FUJIFILM Corporation subsidiaries buy and sell optical media products. Fujifilm denies that FUJIFILM Corporation or any of the defendant subsidiaries

---

1/    The name of Defendant Fuji Photo Film Co., Ltd. has been changed to FUJIFILM Corporation and the name of Defendant Fuji Magnetics GmbH has been changed to FUJIFILM Recording Media GmbH.

manufacture optical media products.  Fujifilm further denies that FUJIFILM U.S.A., Inc., FUJIFILM Recording Media Manufacturing U.S.A., Inc. and FUJIFILM Recording Media GmbH are "affiliates" with obligations under the Non-Exclusive Patent License Agreement for Disc Products and Recordable Media that is the subject of the Complaint ("Patent License").  Fujifilm admits that FUJIFILM Corporation and its subsidiaries collectively have thousands of employees and do business throughout the world, including in New York.

        3.        Fujifilm admits that FujiPhoto Film Co., Ltd., entered into the Patent License with DVA, a copy of which is attached to the Complaint as Exhibit 1.  Fujifilm further admits that, in accordance with its terms, the Patent License is governed by New York law.  Fujifilm denies that FujiPhoto Film Co. Ltd. entered into the Patent License on behalf of any affiliate other than the affiliate named in Exhibit B to the Patent License, Fuji Magne-Disk Co., Ltd.

        4.        Fujifilm denies that Fujifilm Corporation or Fuji Magne-Disk Co., Ltd. have breached any obligations under the License Agreement.  Fujifilm further denies that FUJIFILM U.S.A., Inc., FUJIFILM Recording Media Manufacturing U.S.A., Inc. or FUJIFILM Recording Media GmbH have any obligations under the Patent License.

        5.        Fujifilm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of Plaintiff's Complaint and, therefore, denies the same.

        6.        Fujifilm incorporates by reference its above responses to the allegations of the Complaint, as though they were set forth fully herein.

        7.        Denied.

        8.        Denied.

        9.        Fujifilm incorporates by reference its above responses to the allegations of the Complaint, as though they were set forth fully herein.

        10.      Denied.

\\\DC - 083367/000031 - 2578077 v1

11.     Denied.

12.     Fujifilm incorporates by reference its above responses to the allegations of the Complaint, as though they were set forth fully herein.

13.     Denied.

14.     Fujifilm incorporates by reference its above responses to the allegations of the Complaint, as though they were set forth fully herein.

15.     Denied.

16.     Denied.

17.     Denied.

To the extent any further response is deemed necessary to the numbered paragraphs of the Complaint or to the Demand for Relief, whether set forth separately on page 4 of the Complaint or within its numbered paragraphs, Fujifilm denies any allegations contained therein.

## DEFENSES

18.     Pursuant to Fed. R. Civ. P. Rule 8, and subject to further investigation and discovery, Defendant Fujifilm asserts the following defenses to Plaintiff's claims.

## FIRST AFFIRMATIVE DEFENSE

### (Failure To State Claim Against Defendants Not Parties to Patent License)

19.     Defendants FUJIFILM U.S.A., Inc. and FUJIFILM Recording Media Manufacturing U.S.A., Inc. are not parties to, and have not taken a sub-license under, the Patent License. Accordingly, those defendants have no obligations under the Patent License. The Complaint therefore fails to state a claim on which relief may be granted as to those defendants.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State Claim for Royalties Owed)

20. Pursuant to the terms of the Patent License as well as governing legal standards, FUJIFILM Corporation is the only defendant with any royalty obligation under the Patent License, and the extent of that obligation is for "Licensed Products" that practice one or more valid and non-expired claims of the "Licensed Patents" set forth in Exhibit A to the Patent License.

21. The Complaint fails to allege that any "Licensed Products" sold or transferred by Fujifilm practices any of the "Licensed Patents" set forth in Exhibit A to the Patent License, and upon information and belief no such products in fact practice such patents. The Complaint therefore fails to state a claim on which relief may be granted as to any of the defendants.

## THIRD AFFIRMATIVE DEFENSE

### (Unenforceable Patents)

22. On information and belief, one or more claims of the "Licensed Patents" has expired and/or is otherwise unenforceable for failure to satisfy one or more statutory requirements of Chapter 35 of the United States Code.

## FOURTH AFFIRMATIVE DEFENSE

### (Patent Invalidity)

23. On information and belief, one or more claims of the "Licensed Patents" is invalid for failure to satisfy one or more statutory requirements of 35 U.S.C. §§ 101, 102, 103 or 112.

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

24. Under New York law, the statute of limitations for breach of contract runs from the time of breach. DVA's allegations against Fujifilm relate to conduct that started in 1999 or earlier. Accordingly, DVA's claims are barred by the applicable statute of limitations.

\\\DC - 083367/000031 - 2578077 v1

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

25.  DVA has been aware for many years that FUJIFILM Corporation buys, sells and transfers optical media that are the subject of this action.

26.  DVA waited many years to file this action against Fujifilm.

27.  DVA's delay in bringing this lawsuit against Fujifilm was inexcusable and unreasonable.

28.  Fujifilm suffered material prejudice as a result of DVA's delay in filing this lawsuit.

29.  DVA's claims to recover pre-filing damages are barred by laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (Frustration of Purpose)

30.  The parties' purpose for entering into the Patent License was to permit FUJIFILM Corporation to sell optical media competitively consistent with any patent rights held by DVA. Enforcement of the terms of the Patent License as alleged by DVA would frustrate the parties' purpose for entering into the Patent License.

## EIGHTH AFFIRMATIVE DEFENSE

### (Contract Void As Against Public Policy)

31.  To the extent DVA alleges that the Patent License requires FUJIFILM Corporation to pay royalties to DVA to license patents that either are not infringed by Fujifilm, or are expired, invalid or unenforceable, such a requirement violates the laws of the United States and is contrary to public policy.

## COUNTERCLAIMS

32.  Fujifilm incorporates herein the averments of the above paragraphs.

33. Counterclaim-Plaintiff FUJIFILM Corporation is a Japanese corporation with its principal place of business in Tokyo, Japan.

34. Counterclaim Defendant DVA is a California general partnership with its principal place of business in Long Beach, California.

35. This Court has jurisdiction over these counterclaims under 28 U.S.C. §§ 1338(a), 2201 and 2202 as well as under 28 U.SC. §§ 1332 and 1367.

36. By bringing this action for breach of the Patent License, DVA necessarily has alleged that – and put into dispute whether – Fujifilm has manufactured or sold products that practice the claims of one or more of the patents that are or have been set forth in Exhibit A to the Patent License ("Licensed Patents").

37. Section 5 of the Patent License, which establishes and limits any royalties owed under the Patent License, provides for royalties on the manufacture or sale (or use, lease or transfer) of "Licensed Products" only if they are "licensed hereunder." Section 3.2 of the License Agreement specifically limits the products "licensed" under the Patent License to those products manufactured or sold "under the Licensed Patents."

38. Prior to the initiation of this action, DVA engaged in extensive discussions in which it demanded royalty payments from Fujifilm under the Patent License based on its allegation that certain Fujifilm optical media products practiced the claims of one or more of the Licensed Patents. As part of those discussions, DVA presented analyses that purport to show that certain Fujifilm products practice the Licensed Patents and that certain of those patents are valid and remain in force.

39. Prior to initiation of this action, Fujifilm disputed that it owed any royalty payments to DVA based on its understanding and good faith belief, supported by the representations and analyses of third-party manufacturers that manufacture optical media products sold by Fujifilm.

\\\DC - 083367/000031 - 2578077 v1

40. Upon information and belief, Fujifilm has not manufactured or sold optical media products that practice or infringe the claims of any of the Licensed Patents.

41. Upon information and belief, to the extent any Fujifilm optical media product practices or infringes any one or more of the Licensed Patents, that patent either has expired or is invalid or unenforceable.

42. The Patent License has not been terminated.

## COUNTERCLAIM COUNT I

### (Declaratory Judgment of Nonpractice/Noninfringement)

41. Fujifilm incorporates herein the averments of the above paragraphs

42. Upon information and belief, Fujifilm has neither practiced nor infringed any claim of any of the Licensed Patents.

43. An actual and justiciable controversy exists between Fujifilm and DVA regarding the alleged practice or infringement of the Licensed Patents.

## COUNTERCLAIM COUNT II

### (Declaratory Judgment of Patent Invalidity)

44. Fujifilm incorporates herein the averments of the above paragraphs

45. Upon information and belief, any of the Licensed Patents that DVA maintains are practiced by Fujifilm are invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

46. An actual and justiciable controversy exists between Fujifilm and DVA regarding the validity of the Licensed Patents that are at issue in this action by virtue of the allegations made and maintained by DVA.

\\\DC - 083367/000031 - 2578077 v1

47.     Fujifilm expressly reserves the right to amend these Counterclaims to add declaratory judgment counts with respect to any continuation or divisional applications relating to the patents in suit that may issue after the date this complaint is filed.

## PRAYER FOR RELIEF

WHEREFORE, Fujifilm prays this Court for the following relief:

1.     A declaration that Fujifilm does not practice, has not infringed, and is not infringing, any of the Licensed Patents that are or have been set forth in Exhibit A to the Patent License;

2.     A declaration that each of the claims of the Licensed Patents that DVA has alleged and maintains are practiced by Fujifilm are invalid;

3.     An injunction prohibiting DVA from asserting infringement of any of the Licensed Patents and from seeking to collect royalties or require reporting by FUJIFILM Corporation under the Patent License;

4.     The dismissal with prejudice of all claims that DVA has brought against Fujifilm in this action.

5.     An award of damages that Fujifilm has sustained; and

6.     Such other further relief as the Court deems just and proper.

## Jury Demand

Counterclaim Plaintiffs demand a jury trial on all issues so triable.

Dated: New York, NY
July 18, 2007

                    Respectfully submitted,


By: ___/s/ Eric J. Lobenfeld_____
    Eric J. Lobenfeld, Esq. (EL 4560)
    HOGAN & HARTSON, L.L.P.
    875 Third Avenue
    New York, NY  10022
    Telephone:  (212) 918-3000
    Facsimile: (212) 918-3100

    Steven J. Routh, Esq. (SR 1237)
    HOGAN & HARTSON, L.L.P.
    555 Thirteenth Street, N.W.
    Washington, DC 20004-1109
    Telephone:  (202) 637-5600
    Facsimile:   (202) 637-5910

Attorneys for Fuji Photo Film Co., Ltd., FUJIFILM U.S.A., Inc. and FUJIFILM Recording Media Manufacturing U.S.A., Inc.

\\\DC - 083367/000031 - 2578077 v1