UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
DISCOVISION ASSOCIATES,

        Plaintiff,

        v.                                     07-Civ.-6348 (PAC)

FUJI PHOTO FILM CO., LTD., FUJIFILM U.S.A.,
INC., FUJIFILM RECORDING MEDIA MFG.
U.S.A., INC., FUJI MAGNETICS GMBH,

        Defendants.
------------------------------------------------------------x
FUJIFILM CORPORATION,

        Third Party Plaintiff,

        v.

PRODISC TECHNOLOGY INC., RITEK
CORPORATION, DAXON TECHNOLOGY, INC.,

        Third Party Defendants.
------------------------------------------------------------x

## THIRD PARTY COMPLAINT

1. On June 4, 2007, Plaintiff Discovision Associates ("DVA") filed this action alleging that Defendants breached a Non-Exclusive Patent License Agreement (the "Patent License") relating to optical media and entered into in 1995 by DVA and one of the four Defendants, FUJIFILM Corporation ("Fujifilm").

2. By this Third Party Complaint, Fujifilm seeks contractual and common law indemnification from the Third Party Defendants who are the suppliers of the optical media on which DVA seeks to collect royalty payments from Defendants. This action is against third parties that are not parties to the original action that are or may be liable to Fujifilm, in accordance with Federal Rule of Civil Procedure 14(a).

### Parties

3. Third Party Plaintiff Fujifilm is a Japanese corporation with its principal place of business in Tokyo, Japan.

4. Third Party Defendant Ritek Corporation ("Ritek") is a Taiwanese corporation with its principal place of business at No. 42, Kuanfu N. Road, Hsin-Chu Industrial Park, Taiwan.

5. Third Party Defendant Prodisc Technology Inc. ("Prodisc") is a Taiwanese corporation with its principal place of business at No.13, Wu-Chuan 7th Rd., Wu-Ku County, Taipei Hsien, Taiwan.

6. Third Party Defendant Daxon Technology ("Daxon") is a Taiwanese corporation with its principal place of business at 29 Jianguo E. Road, Gueishan, Taoyuan 333, Taiwan.

### Jurisdiction

7. This Court has jurisdiction over this third party action under 28 U.S.C. §§ 1338(a), 2201 and 2202 as well as under 28 U.SC. §§ 1332 and 1367.

8. Upon information and belief, each Third Party Defendant regularly, continuously and systematically transacts business in the state of New York and within this District.

### Factual Background

9. By bringing the underlying action for breach of the Patent License, DVA necessarily has alleged that Fujifilm has manufactured or sold products that practice the claims of one or more of the patents that are or have been set forth in Exhibit A to the Patent License ("Licensed Patents").

10. Third Party Defendants are merchants regularly dealing in optical media who manufactured and/or supplied the optical media sold by and on behalf of Fujifilm, including the optical media products for which DVA seeks to collect royalties. As such, under New York law and any other law that may govern the parties' dealings, the Third Party Defendants warrant that

\\\DC - 083367/000031 - 2583323 v1

their optical media shall be delivered free of the rightful claim of any third person by way of infringement or the like.

11. Third Party Defendants have assured and represented to Fujifilm that none of the optical media they have supplied to Fujifilm infringes any valid and enforceable Licensed Patent. To the extent that the optical media supplied by Third Party Defendants practice the claims of any of valid and enforceable Licensed Patents, Fujifilm obtained the optical media from Third Party Defendants without knowledge of that fact.

12. By and through its subsidiaries Hong Kong Fuji Photo Logistics Limited and Fuji Magne-Disk Co., Ltd., 1/ Fujifilm entered into a Purchase Agreement with Ritek effective December 12, 2000 to purchase optical media. Fujifilm is an intended beneficiary of that Agreement.

13. By and through its subsidiary Fujifilm HKL, Fujifilm entered into a Purchase Agreement with Prodisc effective May 1, 2003 to purchase optical media. Fujifilm is an intended beneficiary of that Agreement.

14. By and through its subsidiary Fujifilm HKL, Fujifilm entered into a Purchase Agreement with Daxon effective December 1, 2004 to purchase optical media. Fujifilm is an intended beneficiary of that Agreement.

15. Each of the Purchase Agreements with a Third Party Defendant contains a provision labeled Article 10.1 in which each supplier represents and warrants:

> that it is not aware of any third party patent rights, which could be infringed by [optical media it agreed to supply to Fujifilm HKL], and that [the supplier] has paid or will pay all the license fees for third parties' intellectual property rights that has been or will be claimed by such third parties as necessary to manufacture, sell or

---

1/ Hong Kong Fuji Photo Logistics Limited is now named FUJIFILM Hong Kong Limited ("Fujifilm HKL"), and Fuji Magne-Disk Co., Ltd is now named FUJIFILM Media Crest Limited ("Fujifilm MCL").

use the Products and the prices charged to [Fujifilm HKL] for the products include such license fees.

16. Article 10.2 of each Purchase Agreement further provides that each supplier agrees to settle or defend any claim of infringement related to the optical media it sold Fujifilm and to indemnify and hold harmless Fujifilm against any loss, cost or expense caused by such a claim as follows:

> [Supplier] shall settle or defend, at [Supplier's] own expense, any proceeding, threat of proceeding or claim ("Claim") against HKFL and HKFL's customers for infringement or alleged infringement by use or sale of Products of any intellectual property right owned by any third party, and shall indemnify and hold harmless HKFL and HKFL's customers from and against any loss, cost and expense, including reasonable attorneys fees, incurred by HKFL and HKFL's customers as the result of such Claim; provided however, that [Supplier] shall have control of the defense and settlement negotiations, and that HKFL provides [Supplier] reasonably sufficient information, assistance and authority which is necessary for the defense and settlement negotiations.

17. Fujifilm has timely notified Third Party Defendants of DVA's contention that Fujifilm owes DVA royalties under the License Agreement for products supplied by Third Party Defendants and that DVA has alleged that those products practice the claims of certain patents owned by DVA.

18. In August 2005, Fujifilm, by and through Fujifilm HKL, wrote to each Third Party Defendant and provided each of them with information regarding DVA's claims. It requested that each Third Party Defendant take responsibility for DVA's allegation as to the optical media it supplied to Fujifilm. It also requested that each Third Party Defendant contact DVA as soon as possible to resolve these patent matters. Each Third Party Defendant countersigned their respective letter from Fujifilm HKL, thereby consenting to and accepting Fujifilm's requests.

19. In addition, on October 2, 2006, Prodisc entered into a second agreement with Fujifilm. In this second agreement Prodisc provided a warranty of non-infringement and agreed to indemnify and defend Fujifilm as follows:

\\\DC - 083367/000031 - 2583323 v1

> In consideration of FUJIFILM Hong Kong Limited ("FFHK") continued purchase and distribution of Prodisc CD-R, DVD-R, DVD-RW, an DVD+R products, Prodisc hereby guarantees that all these products were made in accordance with specifications, agreements, regulations, or laws governing the materials or processes in effect at the time of manufacturing. Prodisc further agrees to be held solely liable for all legal consequences, including claims, lawsuits, complaints, whether known or unknown and whether specifically mentioned or not, resulting from the importation, distribution, or sales of all of these Prodisc made ... products by FFHK, FUJIFILM Corporation ("Fujifilm"), and their affiliates and customers. Furthermore, Prodisc agrees and undertakes that it shall be solely liable for any such legal consequences (including but not limited to monetary liability), and agrees and undertakes to pay the full amount of any loss, damages (including but not limited to punitive or special damages., fees, fines, and other expenses (including but not limited to attorney fee and related costs) incurred by or against FFHK, Fujifilm, and their affiliates and customers arising out of or relating to any allegation that the Prodisc-made CD-R, DVD-R, DVD-RW, and DVD+R products infringe the patents, trademarks, trade secrets, and/or other intellectual property of any party as to which claim Fujifilm shall at its option be entitled either i) to assume the main active defense and/or decision to settle such claim, or ii) to request that Prodisc assume the defense and settlement of such claim by and for FFHK, Fujifilm, and their affiliates and customers, in either case at Prodisc's sole expense; provided however, that Fujifilm shall not exercise its right in i) above for four (4) months from August 28, 2006.

20.     Subsequent to Third Party Defendants reaffirmation of their agreement to defend and indemnify Fujifilm, Fujifilm has met or otherwise communicated with technical, legal and business personnel for Third Party Defendants on numerous occasions to discuss the Licensed Patents, receive or provide information to the Third Party Defendants and otherwise update them on the status of the dispute with DVA. The Third Party Defendants have continued to acknowledge their responsibility to defend and indemnify Fujifilm in any action brought by DVA.

21.     Third Party Defendants each have met or spoken with DVA separately on one or more occasions in order to attempt to resolve DVA's claims against Fujifilm.

22.     Fujifilm has timely notified the Third Party Defendants of the initiation of this action and of each development in the case, including Fujifilm's intent to file and actual filing of this Third Party Complaint. At all relevant times, Third Party Defendants have retained full authority to direct the defense of the litigation and negotiations with DVA.

## COUNT I

### (Contractual Indemnity)

23. Fujifilm incorporates herein the averments of the above paragraphs.

24. Third Party Defendants each executed a valid and binding contract with Fujifilm, by and through its subsidiary, Fujifilm HKL, that obligated Third Party Defendants to defend and indemnify Fujifilm and the other Defendants in this action for, among other things, claims by DVA for Fujifilm to pay it royalties on optical media Third Party Defendants supplied to Fujifilm.

25. Each Third Party Defendant also has agreed in writing that it will indemnify and defend Fujifilm in connection with DVA's claims pursuant to its obligations under Article 10 of their respective Purchase Agreements.

26. Prodisc also executed another independent agreement with Fujifilm that obligated Third Party Defendants to defend and indemnify Fujifilm and the other Defendants in this action for, among other things, claims by DVA for Fujifilm to pay it royalties on optical media Third Party Defendants supplied to Fujifilm.

27. Fujifilm is entitled to full contractual indemnification because the intention of Third Party Defendants to indemnify Fujifilm from such claims is unmistakably clear from the language of the above-referenced agreements or can be clearly implied from the language and purposes of the entire agreements and the surrounding facts and circumstances.

## COUNT II

### (Common Law Indemnity)

28. Fujifilm incorporates herein the averments of the above paragraphs.

29. If DVA is entitled to royalties, as alleged in its Complaint, then such royalties are due to DVA because the optical media supplied to Fujifilm by the Third Party Defendants practice

\\\DC - 083367/000031 - 2583323 v1

the Licensed Patents and/or because of the non-payment of royalties to DVA by the Third Party Defendants, without any fault on the part of Fujifilm or the other Defendants.

30. If DVA recovers any judgment against Fujifilm or the other Defendants, such recovery will have been caused solely by the acts or omissions of the Third Party Defendants.

31. By reason of the foregoing, any sums that Fujifilm or the other Defendants may be ordered to pay to DVA should be borne in law, equity and fairness by the Third Party Defendants, and the Third Party Defendants are obligated to defend and indemnify Fujifilm and the other Defendants with respect to the claims set forth in DVA's complaint.

## PRAYER FOR RELIEF

WHEREFORE, as to this Third Party Complaint, Fujifilm prays this Court for the following relief:

1. Declaratory judgment that the Third Party Defendants are obligated to defend Fujifilm against the claims made against it in this action by Plaintiff;

2. Declaratory judgment that the Third Party Defendants are obligated to indemnify Fujifilm for any and all amounts Fujifilm is deemed to Plaintiff in or as a result of this action;

3. Judgment against Third Party Defendants in the amount equivalent to any payment that DVA receives from or against Fujifilm or any other Defendant as well as costs, disbursements, and reasonable attorneys' fees in the original and third party action; and

4. Such other further relief as the Court deems just and proper.

## Jury Demand

Third Party Plaintiff demands a jury trial on all issues so triable.

Dated: New York, NY
      August 1, 2007

                          Respectfully submitted,

                          By: /s/ Eric Lobenfeld
                              Eric J. Lobenfeld, Esq. (EL 4560)
                              HOGAN & HARTSON L.L.P.
                              875 Third Avenue
                              New York, NY 10022
                              Telephone: (212) 918-3000
                              Facsimile: (212) 918-3100

                              Steven J. Routh, Esq. (SR 1237)
                              HOGAN & HARTSON L.L.P.
                              555 Thirteenth Street, N.W.
                              Washington, DC 20004-1109
                              Telephone: (202) 637-5600
                              Facsimile: (202) 637-5910

                              Attorneys for FUJIFILM Corporation f/k/a Fuji
                              Photo Film Co., Ltd.