UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DISCOVISION ASSOCIATES,

        Plaintiff,

v.

FUJI PHOTO FILM CO., LTD., a Japanese corporation; FUJIFILM U.S.A., INC., a New York corporation; FUJIFILM RECORDING MEDIA MANUFACTURING U.S.A., INC., a Delaware corporation; and FUJI MAGNETICS GMBH, a German corporation,

        Defendants.

Index No.: 07-Civ.-6348 (PAC)

**PLAINTIFF'S REPLY TO COUNTERCLAIM**

---

Plaintiff Discovision Associates ("DVA"), by its undersigned attorneys, replies to the counterclaim of defendants Fuji Photo Film Co., Ltd. ("Fuji Japan") and its affiliates Fujifilm U.S.A., Inc. ("Fujifilm US") and Fujifilm Recording Media Manufacturing U.S.A., Inc. ("Fujifilm Recording") and alleges, upon personal knowledge with respect to itself and its acts and on information and belief as to all other matters, as follows:

1. DVA admits the allegations in paragraph 33 of the Counterclaim.

2. DVA admits the allegations in paragraph 34 of the counterclaim.

3. DVA denies the allegations in paragraph 35 of the counterclaim.

4. DVA denies the allegations in paragraph 36 of the counterclaim.

5. DVA denies the allegations in paragraph 37 of the counterclaim, except refers to the terms of the License Agreement attached as Exhibit 1 to DVA's complaint for its content.

6. DVA denies the allegations in paragraph 38 of the counterclaim, except admits that DVA and Fuji Japan engaged in settlement negotiations before DVA commenced this action.

7. DVA denies the allegations in paragraph 39 of the counterclaim, except admits that DVA and Fuji Japan engaged in settlement negotiations before DVA commenced this action.

8. DVA denies the allegations in paragraph 40 of the counterclaim.

9. DVA denies the allegations in the first paragraph "41" of the counterclaim.

10. DVA admits the allegation in the first paragraph "42" of the Counterclaim.

11. In response to the second paragraph "41" of the counterclaim, DVA repeats the allegations in paragraphs 1 through 10 of this reply with the same force and effect as if here set forth at length.

12. DVA denies the allegations in the second paragraph "42" of the counterclaim.

13. DVA denies the allegations in paragraph 43 of the counterclaim.

14. In response to paragraph 44 of the counterclaim, DVA repeats the allegations in paragraph 1 through 10, 12 and 13 of this reply with the same force and effect as if here set forth at length.

15. DVA denies the allegations in paragraph 45 of the counterclaim.

16. DVA denies the allegations in paragraph 46 of the counterclaim.

17. DVA denies the allegations in paragraph 47 of the counterclaim.

**FIRST AFFIRMATIVE DEFENSE**
**(Lack of Jurisdiction)**

18. DVA repeats the allegations in its complaint with the same force and effect as if here set forth at length.

40000338_2.DOC

19. The Court lacks jurisdiction over the claims asserted in the counterclaim, and this action should be remanded to the Supreme Court of the State of New York for the County of New York from which Fujifilm removed it.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to State Claim for Relief)

20. The counterclaim fails to set forth facts sufficient to state a claim for relief.

## THIRD AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

21. By entering into the License Agreement and maintaining the License Agreement in force by not exercising their right to terminate under Section 11.2 of the License Agreement, Fuji Japan and its affiliates as defined in Section 2.13 of the License Agreement (collectively, "Affiliates"), including Fujifilm US and Fujifilm Recording, waived and are estopped to assert any right to claim that they have not infringed or practiced, and do not infringe or practice, any of DVA's patents listed in Appendix A to the License Agreement or any other patents owned by DVA relating to optical media.

## FOURTH AFFIRMATIVE DEFENSE
### (Laches)

22. By continuing the License Agreement in force since January 1, 1995, and failing to notify DVA that additional Affiliates beyond the affiliate originally listed in Appendix B to the License Agreement were making, having made, using, leasing/renting and/or otherwise transferring Licensed Products, Fuji Japan and its Affiliates unreasonably delayed, to DVA's prejudice, asserting that they do not practice or infringe DVA's patent rights and/or rights under the License Agreement.

## FIFTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

23. One of the principal express purposes of the License Agreement was to resolve any risk or uncertainty as to whether Fuji Japan and its Affiliates had in the past or would in the future infringe any of DVA's patents, thus conveniently allowing the parties to avoid potential disputes.

24. One mechanism for serving the purpose described in the preceding paragraph was the parties' agreement that, as long as the License Agreement remained in force, Fuji Japan and its Affiliates would both report and pay royalties on any activity involving Licensed Products (as defined in the License Agreement) without regard to whether Fuji Japan and its Affiliates infringed or practiced any of DVA's patents listed in Appendix A to the License Agreement or any other patents owned by DVA relating to optical media.

25. By entering into the License Agreement and maintaining the License Agreement in force by not exercising their right to terminate under Section 11.2 of the License Agreement, Fuji Japan and its Affiliates thus assumed any risk that they had not infringed or practiced, and do not infringe or practice, any of DVA's patents listed in Appendix A to the License Agreement or any other patents owned by DVA relating to optical media.

## PRAYER FOR RELIEF

WHEREFORE, DVA is entitled to judgment as follows:

a.  dismissal of the counterclaim;

b.  equitable relief, damages and other relief in accordance with DVA's complaint in this action;

c.  costs;

40000338_2.DOC

  d.  such other, further and different relief as the Court deems just and proper.

Dated:  Los Angeles, California
     August 9, 2007

               HUGHES HUBBARD & REED LLP

               William T. Bisset
               350 South Grand Avenue
               36th Floor
               Los Angeles, California 90071-3442
               Tel: (213) 613-2881
               Fax: (213) 613-2950
               email: bisset@hugheshubbard.com

               HUGHES HUBBARD & REED LLP

               James B. Kobak
               One Battery Park Plaza
               New York, New York 10004-1482
               Tel: (212) 837-6757
               Fax: (212) 422-4726
               email: kobak@hugheshubbard.com

By: _____
               William T. Bisset
               Attorneys for DVA

## DECLARATION OF SERVICE BY MAIL

The undersigned declares:

I am, and was at all times herein mentioned, a resident of the County of Los Angeles, over the age of 18 years and not a party to this action or proceeding. My business address is 350 South Grand Avenue, 36th Floor, Los Angeles, California 90071, which is located in the county where the mailing described below took place. I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the U.S. Postal Service. Correspondence so collected and processed is deposited with the U.S. Postal Service that same day in the ordinary course of business. On August 9, 2007 at my place of business following ordinary business practice, I placed true and correct copies of the foregoing **PLAINTIFF'S REPLY TO COUNTERCLAIM** for collection and mailing on that date with the U.S. Postal Service, in sealed envelopes, with postage fully prepaid, addressed as follows:

| | |
|---|---|
| Steven J. Routh<br>Hogan & Hartson, L.L.P.<br>555 Thirteenth Street, N.W.<br>Washington, D.C. 20004-1109 | Eric J. Lobenfeld<br>Hogan & Hartson, L.L.P.<br>875 Third Avenue<br>New York, New York 10022 |

I declare under penalty of perjury that the foregoing is true and correct. Executed at Los Angeles, California, this 9th day of August 2007.

_/s/ Diane J. Barouch_