UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DISCOVISION ASSOCIATES,

               Plaintiff,

v.

FUJI PHOTO FILM CO., LTD., a Japanese corporation; FUJIFILM U.S.A., INC., a New York corporation; FUJIFILM RECORDING MEDIA MANUFACTURING U.S.A., INC., a Delaware corporation; and FUJI MAGNETICS GMBH, a German corporation,

               Defendants.

Index No.: 07-Civ.-6348 (PAC)

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND**

40001127_1.DOC

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF FACTS .........................................................................................................2

      A.     The License Agreement ................................................................................ 2

      B.     The Parties ................................................................................................... 3

ARGUMENT................................................................................................................................4

I.     DVA'S COMPLAINT DOES NOT "ARISE UNDER" PATENT LAW OR REQUIRE RESOLUTION OF ANY ISSUE OF PATENT LAW.....................................4

II.    THE JOINT DELAWARE CITIZENSHIP OF DVA AND FUJIFILM RMM AND THE NEW YORK CITIZENSHIP OF FUJIFILM US INDEPENDENTLY REQUIRE REMAND ..............................................................................................................6

III.   UNDER 28 U.S.C. § 1447(c), DVA SHOULD RECOVER ITS COSTS AND ACTUAL EXPENSES, INCLUDING ATTORNEYS' FEES, INCURRED AS A RESULT OF DEFENDANTS' REMOVAL ...............................................................8

CONCLUSION.............................................................................................................................9

TABLE OF AUTHORITIES

CASES | Page
---|---

Automatic Radio Manufacturing Co. v. Hazeltine Research, Inc.,
    339 U.S. 827 (1950).................................................................................................5

BPL Development Corp. v. Cappel,
    86 A.D.2d 591, 446 N.Y.S.2d 134 (2d Dep't 1982)............................................3

Beghin-Say International Inc. v. Rasmussen,
    733 F.2d 1568 (Fed. Cir. 1984)............................................................................6

Caterpillar Inc. v. Williams,
    482 U.S. 386 (1987)..............................................................................................4

Christianson v. Colt Industries Operating Corp.,
    486 U.S. 800 (1988)..............................................................................................4

Dexter v. A C & S Inc.,
    No. 02 Civ. 6522 RCC, 2003 WL 22725461 (S.D.N.Y. Nov. 18, 2003) ............7

Evans v. Watts,
    194 F. Supp. 2d 572 (E.D. Tex. 2001)................................................................5

Green v. Hendrickson Publishers, Inc.,
    770 N.E.2d 784 (Ind. 2002) ............................................................................ 4-5

Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.,
    535 U.S. 826 (2002)...........................................................................................4, 5

Lear, Inc. v. Adkins,
    395 U.S. 653 (1969)..............................................................................................4

Luckett v. Delpark, Inc.,
    270 U.S. 496 (1926)..............................................................................................6

Martin v. Franklin Capital Corp.,
    546 U.S. 132 (2005)..............................................................................................8

Pampillonia v. RJR Nabisco, Inc.,
    138 F.3d 459 (2d Cir. 1998).................................................................................7

Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.,
  314 F. Supp. 2d 177 (S.D.N.Y. 2003)..................................................................................7

Zerafa v. Montefiore Hospital Housing Co.,
  403 F. Supp. 2d 320 (S.D.N.Y. 2005)..................................................................................5

## STATUTES

28 U.S.C. § 1332(c)(1)..............................................................................................................6

28 U.S.C. § 1441(b)..................................................................................................................7

28 U.S.C. § 1447(c)..............................................................................................................1, 8

## OTHER AUTHORITIES

13B Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction & Related
  Matters § 3582 (2d ed. 1984)...............................................................................................6

13B Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction & Related
  Matters § 3630 (2d ed. 1984)...............................................................................................3

14B Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction & Related
  Matters § 3721 (3d ed. 1998)...............................................................................................6

14C Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction & Related
  Matters § 3739 (3d ed. 1998)...............................................................................................1

40001127_1.DOC

Plaintiff Discovision Associates ("DVA") respectfully submits this memorandum of law in support of its motion to remand this action to the Supreme Court of the State of New York for the County of New York ("State Court") in which DVA originally filed it. For the reasons set forth below and in the accompanying declaration of Robert T. Braun ("Braun Decl."), the motion should be granted and, pursuant to 28 U.S.C. § 1447(c), DVA should be awarded its costs and actual expenses, including attorneys' fees, incurred as a result of Defendants' removal.

PRELIMINARY STATEMENT

It is "well-settled under the case law that the burden is on the party seeking to preserve the district court's removal jurisdiction, typically the defendant, not the party moving for remand to state court, typically the plaintiff, to show that the requirements for removal have been met." 14C Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction & Related Matters § 3739, at 424 (3d ed. 1998) (footnote 7 citing scores of cases omitted). In determining whether Defendants have carried their burden, the controlling standard is the well-pleaded-complaint rule under which a plaintiff like DVA is the master of its complaint and may decide what claims to assert and whether to sue under state contract law or federal patent law (or both). DVA's complaint is a straightforward effort to enforce its state-law contract rights under the parties' License Agreement. Braun Decl. ¶ 2 and Exh. 1 thereto, which is the same as Exh. 1 to DVA's complaint; Answer ¶ 3. DVA's complaint raises no issue of federal patent law. In addition, there is no diversity of citizenship among the parties and one of the defendants is a citizen of the forum state. For all these reasons, Defendants cannot carry their burden of establishing removal jurisdiction and this action must be remanded to the State Court.

STATEMENT OF FACTS

A. <u>The License Agreement</u>

DVA and defendant Fuji Photo Film Co., Ltd. ("Fujifilm Japan") entered into the License Agreement as of January 1, 1995.[1] Recital 1.5 sets forth the parties' basic premise in contracting:

> "The parties, having examined the relative value to one another of avoiding potential disputes over infringement of DVA patents and determination of royalties due on past, present and future sales, have independently concluded, in the interest of convenience of the parties, that their respective business interests will be best served by [Fujifilm Japan] taking a license under the terms and conditions of this Agreement."

Sections 3.1 and 3.3 of the License Agreement authorize Fujifilm Japan and its Affiliates (defined in § 2.13 of the License Agreement) to "make, have made, use, lease (rent) and/or otherwise Transfer Licensed Products" without risk of infringing any of DVA's "Licensed Patents" (defined in § 2.10 and listed in Appendix A to the License Agreement). Section 2.7 of the License Agreement defines "Licensed Products" to be specific types of optical discs, <u>i.e.</u>, "Digital Discs" (e.g., CDs), "Video Discs" (e.g., DVDs) and "Recordable Media" (e.g., DVD-RWs), without reference to whether Licensed Products practice any of DVA's Licensed Patents. Section 5.1 of the License Agreement requires Fujifilm Japan and its Affiliates to pay DVA a modest royalty on their activity involving Licensed Products, and § 6 of the License Agreement requires Fujifilm Japan and its Affiliates to report periodically to DVA on such activity.

Under §§ 2.13 and 3.3 of the License Agreement, Fujifilm Japan's license extended across the enterprise to any "corporation, company, or other business entity controlled by

---

[1] Effective October 1, 2006, Fujifilm Japan changed its name to FUJIFILM Holdings Corporation and formed a new subsidiary called FUJIFILM Corporation to operate its business. Braun Decl. ¶ 3 and Exh. 2 thereto.

40001127_1.DOC

[Fujifilm Japan]"[2] and thus included the three Fujifilm Japan Affiliates named in DVA's complaint. Fujifilm Japan represented to DVA in §§ 4.1 and 4.2 and Appendix B of the License Agreement that, as of January 1, 1995, its only Affiliate was Fuji Magne-Disk Co., Ltd. When other Affiliates subsequently dealt in Licensed Products, Fujifilm Japan should have notified DVA under § 3.3 of the License Agreement so that DVA could track their activity. Because the notice requirement is for DVA's benefit, Fujifilm Japan's failure to notify is hardly a ground for excusing it or its Affiliates from their reporting, payment and other obligations under the License Agreement with respect to Licensed Products. See, e.g., BPL Development Corp. v. Cappel, 86 A.D.2d 591, 446 N.Y.S.2d 134 (2d Dep't 1982) (defendant required to perform despite failure of condition that was for plaintiff's benefit).

B. The Parties

DVA is a partnership whose two partners are Pioneer Electronics (USA) Inc. and Pioneer Electronics Capital Inc., both of which are corporations organized under the laws of Delaware and have their principal places of business in California. Braun Decl. ¶ 1; Complaint ¶ 1. For jurisdictional purposes, therefore, DVA is a citizen of Delaware and California. E.g., 13B Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction & Related Matters § 3630, at 682-89 (2d ed. 1984) ("each of [a partnership's] members must be considered in determining whether diversity jurisdiction exists").

Defendant Fujifilm Recording Media Manufacturing U.S.A., Inc. ("Fujifilm RMM") is a Fujifilm Japan Affiliate within the meaning of § 2.13 of the License Agreement. Complaint ¶ 2; Braun Decl. ¶ 4 and Exh. 3 thereto (Fujifilm Japan's 2007 Annual Report at 49, 82 (identifying

---

[2] "[C]ontrol means direct or indirect beneficial ownership of greater than fifty percent (50%) of the voting securities or greater than fifty percent (50%) interest in the income of such corporation, company, or other business entity." License Agreement § 2.13.

40001127_1.DOC

its controlled subsidiaries for purposes of consolidated reporting)). See Defendants' Rule 7.1 Statements filed on July 11, 2007 (showing Defendants' Affiliate status). For jurisdictional purposes, Fujifilm RMM is a citizen of Delaware, where (like DVA's two constituent partners) it is incorporated. Complaint ¶ 2; Answer ¶ 2.

Like Fujifilm RMM, defendant Fujifilm U.S.A., Inc. ("Fujifilm US") also is an Affiliate of Fujifilm Japan within the meaning of § 2.13 of the License Agreement. For jurisdictional purposes, it is a citizen of New York, where it is incorporated. Complaint ¶ 2; Answer ¶ 2.

ARGUMENT

I.

DVA'S COMPLAINT DOES NOT "ARISE UNDER"
PATENT LAW OR REQUIRE RESOLUTION
OF ANY ISSUE OF PATENT LAW

As the United States Supreme Court has long held:

> "[S]ince the plaintiff is 'the master of the complaint,' the well-pleaded-complaint rule enables him, 'by eschewing claims based on federal law, . . . to have the cause heard in state court."

Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 831 (2002).

Accord Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing cases going back to 1913; footnote and citation omitted):

> "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."[3]

---

[3] Defendants' assertion of a federal patent-law defense or a federal patent-law counterclaim cannot create federal jurisdiction. Holmes, 535 U.S. at 831-32 (federal counterclaim insufficient basis for jurisdiction); Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 809 (1988) (federal patent-law defense insufficient basis for jurisdiction). Federal defenses and, following Holmes, federal counterclaims can be resolved in state court. Lear, Inc. v. Adkins, 395 U.S. 653, 675-76 (1969) (state court can resolve federal patent defense); Green v. Hendrickson Publishers, Inc., 770 N.E.2d 784, 793 (Ind. 2002) (state court can resolve federal copyright counterclaim).

40001127_1.DOC

This rule preserves the plaintiff's right to choose the forum and gives "'[d]ue regard for the rightful independence of state governments' that [the Supreme Court's] cases addressing removal require." Holmes, 535 U.S. at 832 (citation omitted); Zerafa v. Montefiore Hospital Housing Co., 403 F. Supp. 2d 320, 324 (S.D.N.Y. 2005) ("Removal jurisdiction is strictly construed inasmuch as it implicates significant federalism concerns and abridges the deference courts generally give to a plaintiff's choice of forum."). A further benefit is that the rule is clear and easy to administer, thus permitting prompt resolution of jurisdictional conflicts without having to address the merits of a case. Holmes, 535 U.S. at 832.

DVA alleges in ¶ 4 of its complaint that Defendants have violated §§ 5 and 6 of the License Agreement. Under these contractual provisions, Fujifilm Japan and its Affiliates must report and pay royalties if they make, have made, use, lease (rent) or otherwise transfer Licensed Products, whether or not in doing so they practice any DVA patent they are licensed to practice. That is what the License Agreement provides, and there is nothing unusual or inappropriate about such an arrangement. E.g., Automatic Radio Manufacturing Co. v. Hazeltine Research, Inc., 339 U.S. 827, 834 (1950):

> "What [Petitioner] acquired by the agreement into which it entered was the privilege to use any or all of the patents and developments as it desired to use them. If it chooses to use none of them, it has nevertheless contracted to pay for the privilege of using existing patents plus any developments resulting from respondent's continuous research."

See Evans v. Watts, 194 F. Supp. 2d 572, 576 (E.D. Tex. 2001) ("it appears from the language of the licensing agreement that Plaintiffs could recover from Watts regardless of whether a covered patent was actually infringed").[4]

---

[4] In paragraphs 5 through 8 of their Notice of Removal, Defendants torture the language of the License Agreement and subvert its basic premise by arguing that the reporting and royalty obligations they undertook arise not if they make, have made, use, lease (rent) and/or otherwise transfer the Licensed Products defined in § 2.7, but

(footnote continued on next page)

As pleaded, DVA's claims are for breach of the Licensing Agreement and do not arise under patent law or require a determination of any issue of patent law. E.g., Luckett v. Delpark, Inc., 270 U.S. 496, 502 (1926):

> "It is a general rule that a suit by a patentee for royalties under a license or assignment granted by him, or for any remedy in respect of a contract permitting use of the patent is not a suit under the patent laws of the United States, and can not be maintained in a federal court as such."

Accord 13B Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction & Related Matters § 3582, at 302-08 & nn.12-13 (2d ed. 1984) (quoting Luckett as the "leading case").[5]

Accordingly, there is no removal jurisdiction under Defendants' patent-infringement theory.

## II.

## THE JOINT DELAWARE CITIZENSHIP OF DVA AND FUJIFILM RMM AND THE NEW YORK CITIZENSHIP OF FUJIFILM US INDEPENDENTLY REQUIRE REMAND

Needless to say, if complete diversity of citizenship is lacking because two adverse parties are citizens of the same state for purposes of jurisdiction, 28 U.S.C. § 1332(c)(1) cannot

---

(footnote continued from previous page)

only if they actually use DVA's Licensed Patents in doing so. In other words, Fujifilm Japan and its Affiliates ask the Court to construe the License Agreement not to have eliminated risk and to have avoided potential disputes but to have preserved uncertainty and to have assured controversy. They do so by reading meanings into the neutral phrase "is licensed hereunder" or "under the Licensed Patents" that are flatly inconsistent with the overall wording, intent and premise of the License Agreement and its consistent use of the defined term "Licensed Products". Their proffered contract interpretation would produce exactly the result that the parties sought to avoid by entering into the License Agreement in the first place. In any event, the issue of contract interpretation that Defendants raise is not jurisdictional but rather one addressed to the merits that the State Court can resolve. See 14B Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction & Related Matters § 3721, at 331 (3d ed. 1998) ("the defendant may not use removal proceedings as an occasion to adjudicate the substantive issues of a case").

[5]    Indeed, as the Federal Circuit observed in Beghin-Say Int'l Inc. v. Rasmussen, 733 F.2d 1568, 1571 (Fed. Cir. 1984):

> "*Wilson v. Sandford*, 51 U.S. (10 How.) 99, 13 L.Ed. 344 (1850) and its progeny (*Ausherman v. Stump*, 209 USPQ 984 (10th Cir. 1981); *Combs v. Plough, Inc.*, 681 F.2d 469, 216 USPQ 463 (6th Cir. 1982)), have consistently held for over 130 years that contract disputes involving patents do not arise 'under any Act of Congress relating to patents,' as required by 28 U.S.C. § 1338(a)."

-6-

40001127_1.DOC

support removal. Moreover, 28 U.S.C. § 1441(b) precludes removal by a citizen of the forum state. Because DVA and Fujifilm RMM are both citizens of Delaware and Fujifilm US is a citizen of New York, removal was improper and this action must be remanded.

Based on their counsel's July 24 letter to the Court summarizing their position, Defendants intend to argue in opposition to DVA's motion to remand that Fujifilm RMM and Fujifilm US are not proper parties and should be ignored for purposes of removal and remand. The Second Circuit Court of Appeals in Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459 (2d Cir. 1998), established a stringent test for resolving any such argument:

> "In order to show that naming a non-diverse defendant is a 'fraudulent joinder' effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court. The defendant seeking removal bears a heavy burden of proving fraudulent join[d]er, and all factual and legal issues must be resolved in favor of the plaintiff."

138 F.3d at 461 (emphasis added; footnote 3 citing cases omitted). Accord Stan Winston Creatures, Inc. v. Toys "R" Us, Inc., 314 F. Supp. 2d 177, 182 (S.D.N.Y. 2003) (quoting Pampillonia) ("not sufficient to argue that the complaint fails to state a claim against that defendant"); Dexter v. A C & S Inc., No. 02 Civ. 6522 RCC, 2003 WL 22725461, at *2 (S.D.N.Y. Nov. 18, 2003) (same).

The stringency of the test and the policies that underlie it compel remand of this action to the State Court. DVA alleges that Fujifilm RMM and Fujifilm US deal in Licensed Products and are licensed under the License Agreement. Complaint ¶¶ 2-4, 15, 16; Exh. 1 §§ 2.13 and 3.3. As noted above, Fujifilm Japan's failure to comply with its obligation to notify DVA of Fujifilm Japan's Affiliates' activities by adding them to Appendix B does not excuse them from their contractual obligations. Resolving all legal and factual issues in DVA's favor and recognizing

-7-

that Defendants must show by clear and convincing evidence that there is no possibility, based on the pleadings, that DVA can state a cause of action against Fujifilm Japan's Affiliates, they clearly are proper parties for purposes of removal, and their presence requires remand under the authorities cited above.

### III.

### UNDER 28 U.S.C. § 1447(c), DVA SHOULD RECOVER ITS COSTS AND ACTUAL EXPENSES, INCLUDING ATTORNEYS' FEES, INCURRED AS A RESULT OF DEFENDANTS' REMOVAL

Under the clear and stringent legal standards described above, Defendants did not have an objectively reasonable basis for removal. Accordingly, under 28 U.S.C. § 1447(c), DVA should recover its costs and actual expenses, including attorneys' fees, incurred as a result of Defendants' removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 139-40 (2005).

40001127_1.DOC

## CONCLUSION

For the reasons set forth above and in the Braun Decl., this action should be remanded to the State Court and DVA should recover its costs and actual expenses, including attorneys' fees, incurred as a result of Defendants' removal.

Dated:     Los Angeles, California
           August 30, 2007

                                        HUGHES HUBBARD & REED LLP

                                        William T. Bisset
                                        350 South Grand Avenue
                                        36th Floor
                                        Los Angeles, California  90071-3442
                                        Tel:  (213) 613-2881
                                        Fax:  (213) 613-2950
                                        email:  bisset@hugheshubbard.com


                                        HUGHES HUBBARD & REED LLP

                                        James B. Kobak
                                        One Battery Park Plaza
                                        New York, New York  10004-1482
                                        Tel:  (212) 837-6757
                                        Fax:  (212) 422-4726
                                        email:  kobak@hugheshubbard.com

                                        By  _/s/ William T. Bisset_____
                                                   William T. Bisset
                                                   Attorneys for DVA

## DECLARATION OF SERVICE BY FEDERAL EXPRESS

The undersigned declares:

I am, and was at all times herein mentioned, a citizen of the United States, a resident of the County of Los Angeles, over the age of 18 years and not a party to this proceeding. My business address is 350 South Grand Avenue, 36th Floor, Los Angeles, California 90071, and I am employed in the office of a member of the bar of this Court, at whose direction the service described herein was made. On August 30, 2007, I served the foregoing **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND** by sending true copies thereof via Federal Express, Priority Overnight Service, all fees prepaid by sender, addressed as follows:

Steven J. Routh  
Hogan & Hartson, L.L.P.  
555 Thirteenth Street, N.W.  
Washington, D.C. 20004-1109

Eric J. Lobenfeld  
Hogan & Hartson, L.L.P.  
875 Third Avenue  
New York, New York 10022

I declare under penalty of perjury that the foregoing is true and correct. Executed in Los Angeles, California, this 30th day of August 2007.

_____

40001127_1.DOC