UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DISCOVISION ASSOCIATES,

        Plaintiff,

v.

FUJI PHOTO FILM CO., LTD., a Japanese corporation; FUJIFILM U.S.A., INC., a New York corporation; FUJIFILM RECORDING MEDIA MANUFACTURING U.S.A., INC., a Delaware corporation; and FUJI MAGNETICS GMBH, a German corporation,

        Defendants.

Index No.: 07-Civ.-6348 (PAC)

**DECLARATION OF ROBERT T. BRAUN**

ROBERT T. BRAUN declares as follows:

1.     I am Vice President of plaintiff Discovision Associates ("DVA"), a partnership whose two partners are Delaware corporations with their principal places of business in California. I make this declaration in support of DVA's motion to remand this action to the Supreme Court of the State of New York for the County of New York from which Defendants removed it. The facts set forth herein are within my personal knowledge and, if called as a witness, I could testify competently thereto.

2.     Attached hereto as Exhibit 1 is a true and correct copy of the License Agreement between DVA and Fuji Photo Film Co. Ltd. ("Fujifilm Japan") on which DVA bases its claims in this action.

3.     Attached hereto as Exhibit 2 is a true and correct copy of a letter from Fujifilm Japan dated September 22, 2006, informing DVA that as of October 1, 2006, Fujifilm Japan would change its name to FUJIFILM Holdings Corporation and become a holding company, and

40000838_1.DOC

that its operations would thereafter be conducted by a new subsidiary to be called FUJIFILM Corporation.

4.  Attached hereto as Exhibit 3 is a true and correct copy of the 2007 Annual Report of Fujifilm Holding Corporation.

5.  There have been numerous communications between DVA and Fujifilm Japan concerning the failure of Fujifilm Japan and its Affiliates (as defined in § 2.13 of the License Agreement) to meet their contractual obligations. Some of these communications concerned the liability of Fujifilm Japan and its Affiliates to pay royalties on Licensed Products (as defined in § 2.7 of the License Agreement) manufactured by companies based in Taiwan that are not DVA licensees or are not paying required royalties to DVA. In these discussions, DVA has consistently maintained that under the License Agreement Fujifilm Japan and its Affiliates must pay contracted-for royalties on all Licensed Products. Fujifilm Japan did not directly dispute this point but, notwithstanding the License Agreement, maintained that DVA should pursue its patent remedies against the Taiwan manufacturers rather than its contractual remedies against Fujifilm Japan and its Affiliates.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 27, 2007.

Robert T. Braun

40000838_1[1]

## DECLARATION OF SERVICE BY FEDERAL EXPRESS

The undersigned declares:

I am, and was at all times herein mentioned, a citizen of the United States, a resident of the County of Los Angeles, over the age of 18 years and not a party to this proceeding. My business address is 350 South Grand Avenue, 36th Floor, Los Angeles, California 90071, and I am employed in the office of a member of the bar of this Court, at whose direction the service described herein was made. On August 30, 2007, I served the foregoing **DECLARATION OF ROBERT T. BRAUN** by sending true copies thereof via Federal Express, Priority Overnight Service, all fees prepaid by sender, addressed as follows:

Steven J. Routh
Hogan & Hartson, L.L.P.
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109

Eric J. Lobenfeld
Hogan & Hartson, L.L.P.
875 Third Avenue
New York, New York 10022

I declare under penalty of perjury that the foregoing is true and correct. Executed in Los Angeles, California, this 30th day of August 2007.

_/s/ Christy Bennett_