UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DISCOVISION ASSOCIATES,                  :
                                         :
        Plaintiff,                       :
                                         :
        v.                               :    07-Civ.-6348 (PAC)
                                         :
FUJI PHOTO FILM CO., LTD., FUJIFILM U.S.A.,:
INC., FUJIFILM RECORDING MEDIA MFG.      :
U.S.A., INC., FUJI MAGNETICS GMBH,       :
                                         :
        Defendants.                      :
------------------------------------------------------------x

**OPPOSITION OF DEFENDANTS FUJIFILM CORPORATION, FUJIFILM U.S.A. AND FUJIFILM RECORDING MEDIA MFG. TO PLAINTIFF'S MOTION TO REMAND**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................................ ii

INTRODUCTION .........................................................................................................................1

FACTUAL BACKGROUND ........................................................................................................2

ARGUMENT .................................................................................................................................4

A. Because Fujifilm U.S.A. And Fujifilm RMM Are Not Proper Defendants, There is Complete Diversity of Citizenship Among the Parties to this Action ..................................................................................................4

B. Plaintiff's Claims Require Resolution Of A Substantial Question Of Federal Patent Law ...............................................................................................8

CONCLUSION ............................................................................................................................14

i

**TABLE OF AUTHORITIES**

         **Page**

**CASES:**

*150 Broadway N.Y. Assocs., L.P. v. Bodner*, 784 N.Y.S.2d 63
(App. Div., 1st Dep't 2004) ..........................................................................................6

*A & V 425 LLC Contracting Co. v. RFD 55th Street LLC*, 830 N.Y.S.2d 637
(Sup. Ct. 2007) ...............................................................................................................5

*Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 986 F.2d 476
(Fed. Cir. 1993) ............................................................................................................10

*Arlaine & Gina Rockey, Inc. v. Cordis Corp.*, 175 Fed.Appx. 329
(Fed. Cir. 2006) ..............................................................................................................9

*Automatic Radio Mfg. Co. v. Hazeltine Research, Inc.*, 339 U.S. 827 (1950) ...............12

*BPL Development Corp. v. Cappel*, 446 N.Y.S.2d 134 (App. Div., 2d Dep't 1982) .......8

*Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800 (1988) .....................8, 9

*Evans v. Watt*, 194 F.Supp.2d 572 (E.D.Tex. 2001) ......................................................12

*Henneberry v. Sumitomo Corp. of America*, No. 04 Civ. 2128 (PKL),
2005 WL 991772 (S.D.N.Y. Apr. 27, 2005) ..................................................................5

*Highland Supply Co. v. Klerk's Flexible Packaging, B.V.*, No. 05-CV-482-DRH,
2005 WL 3534211 (S.D. Ill. Dec. 21, 2005) ...................................................10, 11, 13

*Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318 (Fed. Cir. 1998) ........10

*Kleinerman v. Luxtron Corp*, 107 F. Supp. 2d 122 (D. Mass. 2000) ......................11, 13

*Kunkel v. Topmaster Int'l, Inc.*, 906 F.2d 693 (Fed. Cir. 1990) ......................................9

*Kuperstein v. Hoffman-Laroche, Inc.*, 457 F.Supp.2d 467 (S.D.N.Y. 2006) ..................5

*LaSalle Bank Nat. Ass'n v. Nomura Asset Capital Corp.*, 424 F.3d 195
(2d Cir. 2005) ...............................................................................................................13

*Levisohn, Lerner, Berger & Langsam v. Medical Taping Systems, Inc.*,
10 F.Supp.2d 334 (S.D.N.Y. 1998) ................................................................................5

*Luckett v. Delpark, Inc.*, 270 U.S. 496 (1926) .................................................................8

# TABLE OF AUTHORITIES

**Page**

*Manhattan Motorcars, Inc. v. Automobili Lamborghini*, --- F.R.D.---,
   No. 07 Civ. 978(SAS), 2007 WL 1988144 (S.D.N.Y. July 9, 2007) ..........................6

*Midwest Industries, Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356 (Fed. Cir. 1999) ....................10

*Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459 (2d Cir. 1998) ..................................4, 5

*Pelman v. McDonald's Corp.*, 237 F.Supp.2d 512 (S.D.N.Y. 2003) ...............................5

*PSINet Liquidating L.L.C. v. Bear Stearns & Co., Inc.*, No. 02 Civ. 6691 (GBD),
   2003 WL 367863 (S.D.N.Y. Feb. 19, 2003)................................................................5

*Regents of the Univ. of Minnesota v. Glaxo Wellcome, Inc.*, 58 F. Supp.2d 1036
   (D. Minn. 1999) ........................................................................................................11

*Scherbatskoy v. Halliburton Co.*, 125 F.3d 288 (5th Cir. 1997) ......................................10

*Smith v. Fitzsimmons*, 584 N.Y.S.2d 692 (App. Div., 4th Dept. 1992) ...........................5

*Tele-Pac, Inc. v. Grainger*, 570 N.Y.S.2d 521 (N.Y. App. Div. 1991) ..........................13

*U.S. Valves, Inc. v. Dray*, 190 F.3d 811 (7th Cir. 1999)................................................10

*U.S. Valves, Inc. v. Dray*, 212 F.3d 1368 (Fed. Cir. 2000)........................................9, 10

*Wilson v. Sandford*, 51 U.S. (10 How.) 99 (1850).........................................................9

*XCO Int'l Inc. v. Pacific Scientific Co.*, No. 01 C 6851, 2003 WL 2006595
   (N.D. Ill. Apr. 29, 2003) ..........................................................................................11

**STATUTES:**

28 U.S.C. § 1332................................................................................................ passim

28 U.S.C. § 1338................................................................................................ passim

28 U.S.C. § 1441................................................................................................ passim

**INTRODUCTION**

Defendants FUJIFILM Corporation, FUJIFILM U.S.A., Inc. ("Fujifilm U.S.A.") and FUJIFILM Recording Media Manufacturing U.S.A., Inc. ("Fujifilm RMM") (collectively, "Fujifilm") respectfully oppose the motion to remand of plaintiff Discovision Associates ("DVA") for the following reasons:

Fujifilm has properly removed this action to this Court based on two separate and independent grounds: (1) diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441; and (2) original and exclusive jurisdiction of federal courts over matters arising under patent laws pursuant to 28 U.S.C. §§ 1338 and 1441.

On the first ground, removal is appropriate because DVA has named two FUJIFILM Corporation affiliates – Fujifilm U.S.A. and Fujifilm RMM – that have no rights or duties under the "Non-Exclusive Patent License Agreement for Disc Products and Recordable Media" (the "Patent License") that forms the basis for DVA's claims in this action. Recognizing that the Patent License makes no mention of either of Fujifilm U.S.A. or Fujifilm RMM, DVA attempts to twist the language of the Patent License to fit its argument that the two entities should be bound by the Patent License because FUJIFILM Corporation should have identified them as sublicensees. But DVA's argument is contradicted by the language of the Patent License and by governing case law. If Fujifilm U.S.A. and Fujifilm RMM are not proper parties to this action, as they clearly are not, then this Court unquestionably has removal jurisdiction over this action under 28 U.S.C. §§ 1332 and 1441.

If the Court retains removal jurisdiction based on the diversity between the properly-named parties to this action – DVA and FUJIFILM CORPORATION – then it need not reach the second ground set forth in the Notice of Removal. The Court instead may defer ruling on issues

relating to the interpretation and application of the Patent License until later in the case, because removal jurisdiction based on diversity of the parties has already been established.

Alternatively, if the Court elects to address Fujifilm's second ground for removal, DVA's challenge to this Court's removal jurisdiction under 28 U.S.C. §§ 1338 and 1441 also must be rejected. Under the plain language of the Patent License, a royalty obligation attaches only to products that practice one or more of the DVA patents listed in Appendix A to the Patent License (the "Licensed Patents"). To succeed on its claim for unpaid royalties, therefore, DVA necessarily must prove that the products that are the subject of its claim practice one or more of the Licensed Patents. That claim presents a substantial question of federal patent law that independently supports this Court's jurisdiction. DVA's argument that Fujifilm owes royalties under the Patent License regardless of whether its products practice the Licensed Patents is, once again, contradicted by the language of the contract. And controlling precedent clearly establishes Fujifilm's right to a federal court forum for issues relating to the construction and application of the Licensed Patents, regardless of whether DVA has pleaded its claim as a contract action. Accordingly, DVA's motion to remand must be denied.

## FACTUAL BACKGROUND

On June 4, 2007, DVA filed a Complaint in the Supreme Court of the State of New York, County of New York, which asserts a breach of contract claim under the Patent License. Fujifilm timely removed the action to this Court on July 11, 2007.

The Patent License that provides the basis for DVA's claims is attached to DVA's Complaint. In its first paragraph, it explicitly states that it is an agreement between DVA and FUJIFILM Corporation (previously named Fuji Photo Film Co., Ltd), with an effective date of January 1, 1995. In the Patent License, DVA granted FUJIFILM Corporation "a worldwide,

non-exclusive, royalty bearing license under the Licensed Patents." Patent License § 3.1. DVA did not grant FUJIFIM Corporation a license "either expressly or by implication, estoppel, or otherwise, other than under the Licensed Patents. *Id.* § 3.2. Section 2.10 of the Patent License defines "Licensed Patents" as "all patents owned by DVA as of the effective date of this Agreement . . . and any patents . . . issuing from pending patent applications owned by DVA as of the effective date of the Agreement . . . under which patents and patent applications . . . DVA has, as of the effective date of this Agreement, the right to grant licenses to LICENSEE of the scope granted herein . . . ." An annually updated list of DVA patents is attached to the Patent License as Appendix A.

The Patent License gives FUJIFILM Corporation the option of obtaining sublicenses for its Affiliates in two ways. Under section 3.3 of the Patent License, the license granted to FUJIFILM Corporation included a sublicense to FUJIFILM Corporation's Affiliates that were identified in Appendix B to the Patent License. Appendix B of the Patent License identified only one affiliate – Fuji Magne-Disk Co., Ltd. – as a sublicense at the time the Patent License was executed. The other way that FUJIFILM Corporation could procure a sublicense for an affiliate under the Patent License was to transmit to DVA a written notice setting forth the names and addresses of such additional affiliate to be covered. Patent License § 3.3. DVA has not and can not allege that FUJIFILM Corporation provided a written notice to DVA which would have caused Fujifilm U.S.A. or Fujifilm RMM to become a sublicensee under the Patent License and there is no other way that either company could have become bound by the terms of the Patent License. *See* Patent License § 3.4 ("Except as set forth in Section 3.3, LICENSEE is expressly not granted the right to sublicense third parties under this Agreement.").

3

In section 4.1 of the Patent License, DVA also granted FUJIFILM Corporation and its affiliates identified in Appendix B of the Patent License an irrevocable release "from any and all claims of infringement of the Licensed Patents" in exchange for a one time payment of $45,000. Sections 5.0 and 6.0 of the Patent License, respectively, required FUJIFILM Corporation and any affiliates who hold a sublicense to pay royalties and make reports for each product covered by the license, i.e. each product that was covered by one or more of DVA's "Licensed Patents."

## ARGUMENT

As set forth in the Notice of Removal, there are two independent grounds for removal of this action. First, this action is removable under 28 U.S.C. §§ 1332 and 1441, based on the complete diversity of citizenship among the properly-named parties. The only potentially non-diverse defendants to this action – Fujifilm U.S.A. and Fujifilm RMM – are not parties to the Patent License, and for that reason are not proper parties to this action. Second, this action is removable under 28 U.S.C §§ 1338 and 1441 because DVA's claims necessarily require resolution of a substantial question of federal patent law. Under the terms of the Patent License, DVA cannot obtain the relief it requests unless it can show that Fujifilm has manufactured or sold products that practice the "Licensed Patents" identified in Exhibit A to the Patent License.

    A.    **<u>Because Fujifilm U.S.A. And Fujifilm RMM Are Not Proper Defendants, There is Complete Diversity of Citizenship Among the Parties to this Action.</u>**

It appears that DVA included Fujifilm U.S.A. and Fujifilm RMM as defendants in this action to avoid diversity among the parties and to prevent removal of this action to federal court. The Second Circuit has made clear, however, that a plaintiff "may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460-61 (2d Cir. 1998). If, based on the pleadings, a plaintiff cannot "state a cause of action

4

against the non-diverse defendant in state court," then joinder of that defendant is improper and must be disregarded for purposes of determining diversity jurisdiction. *Id.* While the relevant standard established by *Pampillonia* is not precisely the same as the standard applied in a motion to dismiss, "the motion to dismiss standard remains a useful point of reference." *Kuperstein v. Hoffman-Laroche, Inc.*, 457 F.Supp.2d 467, 471 (S.D.N.Y. 2006); *see also PSINet Liquidating L.L.C. v. Bear Stearns & Co., Inc.*, No. 02 Civ. 6691 (GBD), 2003 WL 367863, at *2 (S.D.N.Y. Feb. 19, 2003) ("Thus, under *Pampillonia*, supra, it is first necessary to evaluate defendants' Motion to Dismiss with respect to the New York defendants so as to determine if there is any possibility that plaintiff can state a cause of action against the New York defendants in state court."); *Pelman v. McDonald's Corp.*, 237 F.Supp.2d 512, 521 (S.D.N.Y. 2003) ("The discussion of whether the plaintiffs have stated a claim against the outlets and McDonalds of New York necessarily augurs the discussion, *infra*, of whether the Complaint should be dismissed.").

The Complaint itself demonstrates that there is no way for DVA to maintain a claim against Fujifilm U.S.A. or Fujifilm RMM. Under New York law, "in order for someone to be liable for a breach of contract, that person must be a party to the contract." *A & V 425 LLC Contracting Co. v. RFD 55th Street LLC*, 830 N.Y.S.2d 637 (Sup. Ct. 2007) (citing *Smith v. Fitzsimmons*, 584 N.Y.S.2d 692 (App. Div., 4th Dept. 1992)); *see also Henneberry v. Sumitomo Corp. of America*, No. 04 Civ. 2128(PKL), 2005 WL 991772, at *12 (S.D.N.Y. Apr. 27, 2005) ("[D]efendants rightly point out that, in order to sue for breach of contract, plaintiff must be a party to the contract . . . ."); *Levisohn, Lerner, Berger & Langsam v. Medical Taping Systems, Inc.*, 10 F.Supp.2d 334, 344, (S.D.N.Y. 1998) ("to state a claim for breach of contract under New York law, a party must allege: (1) the existence of an agreement between the parties . . ..").

While DVA has asserted in conclusory terms "that Fujifilm RMM and Fujifilm US deal in Licensed Products and are licensed under the License Agreement," DVA Mem. 7, that assertion must be disregarded, because it is flatly contradicted by the Patent License, which is attached to and incorporated by reference in the Complaint.

It is a "bedrock principle" of New York law that "it is a court's task to enforce a clear and complete written agreement according to the plain meaning of its terms, without looking to extrinsic evidence to create ambiguities not present on the face of the document." *150 Broadway N.Y. Assocs., L.P. v. Bodner*, 784 N.Y.S.2d 63, 66 (App. Div., 1st Dep't 2004). The Patent License is clear and complete. As DVA is forced to acknowledge, the Patent License recites that it is between DVA and Fuji Photo Film Co. Ltd. *only*, and Section 3.3 of the Patent License states that a sublicense is granted *only* to those Fujifilm affiliates that are "identified in Appendix B."[1] Appendix B does not list either Fujifilm U.S.A. or Fujifilm RMM. *See also* DVA Mem. at 3 ("Fujifilm Japan represented to DVA in §§ 4.1 and 4.2 and Appendix B of the License Agreement that, as of January 1, 1995, its only Affiliate was Fuji Magne-Disk Co., Ltd."). Thus, neither Fujifilm U.S.A. nor Fujifilm RMM has any rights or obligations under the Patent License, and neither is a properly-named Defendant. *150 Broadway*, 784 N.Y.S.2d at 65 ("[W]here a written agreement . . . unambiguously contradicts the allegations supporting a litigant's cause of action for breach of contract, the contract itself constitutes documentary evidence warranting the dismissal of the complaint . . ., regardless of any extrinsic evidence or self-serving allegations offered by the proponent of the claim."); *see also Manhattan Motorcars, Inc. v. Automobili Lamborghini*, --- F.R.D.---, No. 07 Civ. 978(SAS), 2007 WL 1988144 (S.D.N.Y. July 9, 2007)

---

[1] DVA's citation to FUJIFILM Corporation's 2007 Annual Report for the proposition that Fujifilm U.S.A. and Fujifilm RMM are affiliates establishes nothing regarding FUJIFILM Corporation's affiliates as of the effective date of the Patent License, January 1, 1995. DVA's citation to section 2.13 of the Patent License, DVA Mem. at 2, also does nothing to help it. The section merely defines the term "Affiliate," and says nothing at all regarding who is bound by the Patent License.

("At the motion to dismiss stage, where a plaintiff's 'factual allegations or legal conclusions are flatly contradicted by documentary evidence, they are not presumed to be true, or even accorded favorable inference' in the context of a breach of contract action.") (citation omitted).[2]

Recognizing that the clear language of the Patent License undermines their remand argument, DVA offers two equally unavailing alternative theories for why Fujifilm U.S.A. and Fujifilm RMM are bound by the Patent License, and therefore, proper parties in this action. First, DVA provides an incorrect contract interpretation in asserting that "[w]hen other Affiliates subsequently dealt in Licensed Products, Fujifilm Japan should have notified DVA under § 3.3 of the License Agreement so that DVA could track their activity." DVA Mem. at 3. There is no such notification obligation in Section 3.3 or anywhere else in the Patent License. Rather, Section 3.3 obligates DVA to grant sublicenses to additional FUJIFILM Corporation affiliates upon written notice from Fujifilm. At most, Fujifilm represented in section 3.3 that it had authority to bind affiliates for which it requested a sublicense. DVA acknowledges, as it must, that Fujifilm has never requested a sublicense for either Fujifilm U.S.A. or Fujifilm RMM.

Second, DVA asserts without legal or logical support that a failure by FUJIFILM Corporation to include Fujifilm U.S.A. and Fujifilm RMM on Appendix B somehow gives rise to a contractual relationship between Fujifilm U.S.A. and/or Fujifilm RMM and DVA. DVA Mem. at 7 ("Fujifilm Japan's failure to comply with its obligations to notify DVA of Fujifilm Japan's Affiliates' activities by adding them to Appendix B does not excuse them from their contractual obligations."). If FUJIFILM Corporation's failure to list or add Fujifilm U.S.A. or Fujifilm RMM could be considered a breach of the Patent License, such a breach would at most

---

[2] Given that Fujifilm USA and Fujifilm RMM have no rights or obligations under the Patent License, DVA could seek to initiate claims against them for patent infringement, if it were to contend that those parties practice one or more DVA patents. Such claims, of course, clearly would come within the jurisdiction of this Court pursuant to 28 U.S.C. § 1338(a) and would provide an additional basis for removal jurisdiction if alleged.

7

permit DVA to bring a breach of contract claim against FUJIFILM Corporation. Such an alleged breach by FUJIFILM Corporation could not possibly render separate corporate entities Fujifilm U.S.A. and Fujifilm RMM liable under the Patent License, nor could it somehow allow DVA to name them as defendants in this action. DVA has not cited any legal authority that supports its novel theory.[3]

### B.    Plaintiff's Claims Require Resolution Of A Substantial Question Of Federal Patent Law.

DVA's arguments regarding jurisdiction pursuant to 28 U.S.C. § 1338 are long on rhetoric and dated citations regarding the "well pleaded complaint" rule. But DVA's motion to remand fails even to address the substantial on-point case law that establishes that this Court has jurisdiction over this action, notwithstanding that the cause of action pled by DVA is on its face a state law breach of contract claim.

Pursuant to 28 U.S.C. § 1338(a), federal district courts have original and exclusive jurisdiction over "any civil action arising under any Act of Congress relating to patents." The proper starting point for an analysis of this jurisdiction is the Supreme Court's decision in *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800 (1988), which held that there are two separate and independent inquiries for determining whether a federal court has jurisdiction under 28 U.S.C. § 1338(a), either of which would make removal proper here.[4] In *Christianson*,

---

[3]    The one case cited by DVA, *BPL Development Corp. v. Cappel*, 446 N.Y.S.2d 134 (App. Div., 2d Dep't 1982), is not on-point. It is a one page decision that held that the plaintiff could waive a condition precedent for its benefit in a contract and enforce the contract despite the fact that the condition precedent had not occurred. *Id.* at 135.  The case did not involve, let alone sanction, the enforcement of a contract against a non-party that is not specifically designated as a beneficiary in the contract. DVA has not and can not point to a condition precedent in the Patent License the waiver of which by DVA would give rise to liability on the part of Fujifilm U.S.A. or Fujifilm RMM.

[4]    DVA virtually ignores *Christianson* and relies primarily on *Luckett v. Delpark, Inc.*, 270 U.S. 496 (1926), a case that was decided 66 years earlier. As the Federal Circuit has noted, "a number of Supreme Court cases [including *Luckett*] concerning federal patent jurisdiction brought by parties who had previously entered into licensing agreements were decided before the adoption of the Federal Rules of

8

the Supreme Court explained that, under 28 U.S.C. § 1338(a), federal court jurisdiction extends to, and therefore removal is proper when, a "complaint establishes *either* that federal patent law creates the cause of action *or* that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Id.* at 809 (emphasis added).  Accordingly, and contrary to DVA's intimations, "merely because a claim makes no reference to federal patent law does not necessarily mean the claim does not "arise under" patent law." *Id.* at 809 n.3.  Notably, and also contrary to DVA's assertions, the Federal Circuit has described *Christianson* as setting "a lenient standard for jurisdiction under 28 U.S.C. § 1338(a)."  *U.S. Valves, Inc. v. Dray*, 212 F.3d 1368, 1372 (Fed. Cir. 2000).

     Fujifilm does not claim that federal patent law creates DVA's cause of action, but rather, as explained in the Notice of Removal, this action was properly removed because DVA's "right to relief necessarily depends on resolution of a substantial question of federal patent law." *Christianson*, 486 U.S. at 809.  Since the Supreme Court decided *Christianson*, at least three different Circuit Courts of Appeals – including the Federal Circuit on numerous occasions – have held that state law claims that require the resolution of a substantial question of federal patent law, including whether a product practices the claims of a patent, give rise to federal court jurisdiction. *See, e.g.*, *Arlaine & Gina Rockey, Inc. v. Cordis Corp.*, 175 Fed.Appx. 329, 331 (Fed. Cir. 2006) ("To prevail in its contract action for royalties, [Plaintiff] must show that the use of Cordis' products was infringing the patent.  As a result, [Plaintiff's] right to relief depends on the resolution of a substantial question arising under the patent law."); *U.S. Valves*, 212 F.3d at

---

Civil Procedure." *Kunkel v. Topmaster Int'l, Inc.*, 906 F.2d 693, 696 (Fed. Cir. 1990).  With regard to the case upon which *Luckett* bases its holding, *Wilson v. Sandford*, 51 U.S. (10 How.) 99 (1850), the Federal Circuit has explained that "*Wilson* was based on a prior distinction between law and equity now removed by the federal rules" making it inapplicable to modern cases with similar facts.  *Kunkel*, 906 F.2d at 696.

9

1372 (federal court jurisdiction under 28 U.S.C. § 1338 over breach of license claim because "U.S. Valves must show that Dray sold valves that were covered by the licensed patents"); *U.S. Valves, Inc. v. Dray*, 190 F.3d 811 (7th Cir. 1999) (same); *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318 (Fed. Cir. 1998) rev'd on other grds by *Midwest Industries, Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356 (Fed. Cir. 1999) (federal court jurisdiction under 28 U.S.C. § 1338 over state law claim of injurious falsehood because claim required proof that certain claims of Harmonic patents were invalid or unenforceable); *Scherbatskoy v. Halliburton Co.*, 125 F.3d 288 (5th Cir. 1997) (federal court jurisdiction under 28 U.S.C. § 1338 over state law breach of Patent License Agreement claim because claim required determination of whether acquired company practiced plaintiff's licensed patents); *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 986 F.2d 476 (Fed. Cir. 1993) (federal court jurisdiction under 28 U.S.C. § 1338 over state law business disparagement claim because "Additive Controls would have to prove the falsity of Flowdata's statement, which in turn would require Additive Controls to prove noninfringement, an issue of patent law").

  DVA also ignores the fact that, when confronted with state law claims similar to those asserted by DVA, other federal courts consistently have upheld federal court jurisdiction over such claims. For example, in *Highland Supply Co. v. Klerk's Flexible Packaging, B.V.*, No. 05-CV-482-DRH, 2005 WL 3534211, at *3 (S.D. Ill. Dec. 21, 2005), the plaintiff asserted "a state-law breach-of-contract action arising out of a licensing agreement," and the court was "faced with the question of whether that action contains necessary patent-law issues causing the case to arise under 28 U.S.C. § 1338(a)." The court found "in the affirmative," explaining that "in order to prevail on their theory that Defendant breached the 1998 Agreement by manufacturing, selling, developing, and/or improving products 'covered' by the '938 Patent, Plaintiffs will need to show

10

that the products in question relate to-or were 'covered' by that patent." *Id.* at *4. Similarly, in *Kleinerman v. Luxtron Corp*, 107 F. Supp. 2d 122, 123 (D. Mass. 2000), the plaintiff alleged that "Luxtron did not report all sales of products using the patented technology as required by the license agreement, thereby depriving him of royalty payments." The plaintiff moved to remand, arguing that his suit "alleges only state law claims arising out of the alleged breach of the License." The *Kleinerman* court ruled that it had jurisdiction pursuant to 28 U.S.C. § 1338(a) and denied the motion to remand because, "in order to decide if there was a breach, one must determine whether Luxtron infringed Kleinerman's patents." *Id.* at 124; *accord, e.g., XCO Int'l Inc. v. Pacific Scientific Co.*, No. 01 C 6851, 2003 WL 2006595 (N.D. Ill. Apr. 29, 2003) ("[P]atent law has been found to apply to breach of contract cases were [sic] the only way to demonstrate that a party breached a license agreement was to show that the product sold was covered by the license agreement via an examination of whether the product sold was subject to the patents in the license agreement."); *Regents of the Univ. of Minnesota v. Glaxo Wellcome, Inc.*, 58 F. Supp.2d 1036, 1038 (D. Minn. 1999) (upholding federal court jurisdiction over state law claim where resolution of the claim required "an analysis of whether defendant infringed the Vince patents, as infringement is a necessary precursor to a finding that defendant has breached the parties' license agreement").

This case is no different. Here, federal patent law is a necessary element of DVA's well-pleaded breach of contract claim because DVA must establish that Fujifilm's products practiced the Licensed Patents in order to establish its claims for breach of the Patent License. DVA has alleged that it is entitled to royalty payments under Section 5.0 of the Patent License. Compl. ¶ 4. Section 5.1 of the Patent License establishes the scope of Fujifilm's royalty obligations and requires payment of royalties on the manufacture or sale (or use, lease or transfer) of each

"Licensed Product," but only insofar as the product "is licensed hereunder."  To determine whether the manufacture or sale of each "Licensed Product" was "licensed hereunder," and thus royalty-bearing, the Court must look to Section 3.0 entitled "Non-Exclusive License Grant," which establishes the scope of the license.  Section 3.2 specifically limits the scope of any license granted by DVA as follows:

> 3.2. *No license is granted* by DVA to LICENSEE in this Section 3.0, either expressly or by implication, estoppel, or otherwise, *other than under the Licensed Patents*.

(Emphasis added.)  Because the Patent License does not grant Fujifilm a license "other than under the Licensed Patents," and because no royalty duty is owed other than on the manufacture or sale of Licensed Products for which Fujifilm "is licensed hereunder," Fujifilm owes royalties only for the manufacture or sale of "Licensed Products" that practice one or more of the Licensed Patents.

In contrast with the plain meaning given to the terms of the Patent License by Fujifilm, and without any citation to the Patent License, DVA claims that Fujifilm "must report and pay royalties . . . whether or not in doing so they practice any DVA patent they are licensed to practice."[5]  DVA Mem. at 5.  DVA relegates its discussion of the actual language of the Patent License to footnote 4 in which it urges the Court to ignore the key terms of the Patent License that are inconsistent with its current position.  *See* DVA Mem. at 5-6 n.4.  (referring to the terms "is licensed hereunder" in Section 5.1 and "under the Licensed Patents" in Section 3.2 as "neutral terms" that effectively can be ignored).  Equally as bad, in its "Statement of Facts," DVA selectively quotes Section 2.7 of the License Agreement to imply that Fujifilm's royalty

---

[5] DVA's citation to *Automatic Radio Mfg. Co. v. Hazeltine Research, Inc.*, 339 U.S. 827 (1950) and *Evans v. Watt*, 194 F.Supp.2d 572 (E.D.Tex. 2001), DVA Mem. at 5, are not on point as no one disputes that the parties could have contracted for Fujifilm to pay royalties regardless of whether they practiced any of DVA's patents.  However, as explained previously, that is not the agreement the Parties made.

payment obligations do not depend on whether its products practice any of the Licensed Patents. These positions are contrary to New York law on contract interpretation, which governs the Patent License, and which requires that "words and phrases . . . be given their plain meaning, and the contract . . . be construed so as to give full meaning and effect to all of its provisions." *LaSalle Bank Nat. Ass'n v. Nomura Asset Capital Corp.*, 424 F.3d 195, 206 (2d Cir. 2005).

To the extent DVA is now arguing that the plain meaning of the Patent License terms discussed above should be set aside in favor of its view of the "basic premise" of the parties' agreement, *see* DVA Mem. at 2 & 6 n.4, that position is not supported by the language of the Patent License or by governing law.[6] Moreover, DVA has omitted from its submission to the Court any mention of the fact that for the past several years DVA has been discussing with Fujifilm whether Fujifilm's optical media practice certain DVA patents. Declaration of Tadayoshi Hirahara ¶ 3 (attached hereto). Thus, while it is unnecessary to consider extrinsic evidence in light of unambiguous language of the Patent License, the course of conduct and discussions between the parties further supports Fujifilm's interpretation of the Patent License. *Tele-Pac, Inc. v. Grainger*, 570 N.Y.S.2d 521, 528 (N.Y. App. Div. 1991) ("This consistent course of conduct over the years and consistent acquiescence by [Licensor] in [Licensee's]

---

[6] DVA is wrong in suggesting that the Patent License should be read as embodying an unspoken intent to avoid any possible future issues about whether products manufactured or sold by Fujifilm practiced the Licensed Patents. DVA Mem. at 5 n. 4. By entering into the License Agreement, the parties resolved an existing dispute regarding past sales, and they further established a royalty rate that would be paid by FUJIFILM Corporation *if* it manufactured or sold Licensed Products in the future that practiced the Licensed Patents. This is not only a sensible resolution of the issues that the parties confronted in 1995, but it is also very similar to the purpose and operation of the license agreements at issue in *Highland Supply, Kleinerman,* and the other cases discussed previously on pages 10 and 11. Contrary to DVA's position, the parties did not, however, establish a regime in which FUJIFILM Corporation would pay royalties on future manufacture and sales, including of new products manufactured with different methods and structures, without regard to whether such products even practiced the Licensed Patents. Indeed, the language of the License Agreement makes clear that, with respect to future manufacture and sales of Licensed Products, the parties agreed on a fair royalty rate to be paid in the event the products practiced the Licensed Patents, but they left open for further discussion and resolution whether such manufacture or sales were covered by the Licensed Patents and therefore subject to a royalty obligation.

interpretation is the best and indeed conclusive evidence of the intent of the parties at the time the contract was entered into.").

## CONCLUSION

For all of the foregoing reasons, DVA's Motion to Remand should be denied.

Dated: New York, NY
September 26, 2007               Respectfully submitted,


                                 By:_____/s/_____
                                     Eric J. Lobenfeld, Esq. (EL 4560)
                                     HOGAN & HARTSON, L.L.P.
                                     875 Third Avenue
                                     New York, NY  10022
                                     Telephone:  (212) 918-3000
                                     Facsimile: (212) 918-3100

                                     Steven J. Routh, Esq. (SR 1237)
                                     HOGAN & HARTSON, L.L.P.
                                     555 Thirteenth Street, N.W.
                                     Washington, DC 20004-1109
                                     Telephone:  (202) 637-5600
                                     Facsimile:   (202) 637-5910

                                     Attorneys for FUJIFILM Corporation (f/k/a Fuji
                                     Photo Film Co., Ltd.); FUJIFILM U.S.A., Inc. and
                                     FUJIFILM Recording Media Mfg. U.S.A., Inc.

**CERTIFICATE OF SERVICE**

      I, Rachel F. Strom, hereby certify that on September 26, 2007, I caused a true and correct copy of the Opposition Of Defendants Fujifilm Corporation, Fujifilm U.S.A. And Fujifilm Recording Media Mfg. To Plaintiff's Motion To Remand and the accompanying Declaration of Tadayoshi Hirahara to be served electronically (via the Court's ECF system) on the following counsel of record:

James B. Kobak
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
kobak@hugheshubbard.com

William T. Bisset
Hughes Hubbard & Reed LLP
350 South grand Avenue
Los Angeles, California 90071-3442
bisset@hugheshubbard.com

Attorneys for Plaintiff Discovision Associates

                                                /s/
                                      Rachel F. Strom (RS 9666)