UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x
DISCOVISION ASSOCIATES,                         :
                                                :
Plaintiff,                                      :
            v.                                  :   07-Civ.-6348 (PAC)
                                                :
FUJI PHOTO FILM CO., LTD., FUJIFILM U.S.A.,     :
INC., FUJIFILM RECORDING MEDIA MFG.             :
U.S.A., INC., FUJI MAGNETICS GMBH,              :
                                                :
                         Defendants.            :
----------------------------------------------------------x
FUJIFILM CORPORATION,                           :
                                                :
                         Third Party Plaintiff  :
                                                :
            v.                                  :
                                                :
PRODISC TECHNOLOGY INC., RITEK                  :
CORPORATION, DAXON TECHNOLOGY, INC.             :
                                                :
                         Third Party Defendants.:
----------------------------------------------------------x

## DECLARATION OF TADAYOSHI HIRAHARA

1.  I, Tadayoshi HIRAHARA, am employed by FUJIFILM Corporation and with the Intellectual Property Legal Division of the company. As part of my job responsibilities, I am familiar with the written communications between the parties and have participated in some of the discussions between FUJIFILM Corporation and Discovision Associates relating to the "Non-Exclusive Patent License Agreement for Disc Products and Recordable Media" (the "Patent License") that forms the basis for DVA's claims in this action.

2.  FUJIFILM Corporation and DVA have been discussing the parties rights and obligations under the Patent License for several years. Throughout these communications, FUJIFILM Corporation has consistently taken the position that the Patent License imposes no reporting or royalty payment obligations for optical media products that do not practice any of the "Licensed Patents" as defined in the Patent License. On numerous occasions, DVA made

statements to or took positions with FUJIFILM Corporation that indicated that DVA did not dispute FUJIFILM Corporation's interpretation of the Patent License, but rather, believed that FUJIFILM Corporation's optical media products practiced one or more of the Licensed Patents.

3.  For example, on July 28, 2006, Clay E. Gaetje, Supervising Patent Attorney, wrote to FUJIFILM Corporation to follow-up on issues from a meeting between the parties on June 26, 2006. Mr. Gaetje enclosed with that letter 29 pages of claim charts intended to establish that FUJIFILM Corporation's products practiced the Licensed Patents. The letter itself contained several pages of legal analysis intended to convince FUJIFILM Corporation that the relevant Licensed Patents were not invalid or unenforceable.

I hereby affirm under penalties of perjury of the laws of the United States that the foregoing is true and correct.

Executed: September 25, 2007

_____
Tadayoshi HIRAHARA